FILED
12/23/22 3:03 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-21941-GLT<br><br>Jointly Administered<br><br>Doc. No.: |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*,<br><br>Movants,<br><br>v.<br><br>No Respondents. | Related to Doc. No.: 331<br><br>Hearing Date: December 22, 2022<br><br>Hearing Time: 11:00 A.M. (ET)<br><br>Response Deadline: December 16, 2022, at 4:00 p.m. (ET) |

MODIFIED
**ORDER (I) ESTABLISHING PROCEDURES WITH RESPECT TO
FINAL FEE APPLICATIONS; (II) AUTHORIZING THE DEBTORS TO
MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED PROFESSIONAL
FEE CLAIMS; (III) DISMISSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES
AND PROVIDING PROCEDURES FOR DISMISSAL OF THE REMAINING
<u>DEBTOR'S CHAPTER 11 CASE; AND (V) GRANTING RELATED RELIEF</u>**

Upon the *Debtors' Motion for Entry of Orders (I) Establishing Procedures With Respect to Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Professional Fee Claims; (III) Dismissing the Debtors' Chapter 11 Cases; and (VI) Granting Related Relief* (the "<u>Motion</u>")[2] for entry of an order, pursuant to sections 105(a), 349, 363(b)(1), and 1112(b) of title 11 of the United States Code (as amended, the "<u>Bankruptcy

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Claim Jumper Acquisition Company, LLC (0150); Claim Jumper Restaurant (Phoenix), LLC (4316); Claim Jumper Restaurant (Sacramento), LLC (7122); Claim Jumper Restaurant (Tualatin), LLC (4248); C Jumper Restaurant, Inc. (9351); KRG BHTT, LLC (3178); KRG JCS Redondo Beach, LLC (4256); KRG JCS, LLC (5784). The Debtors' address is 1000 Jacks Run Rd., North Versailles, PA 15137.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Code"), Rules 1017, 2002, and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the chapter 11 cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 1112(b) of the Bankruptcy Code, the chapter 11 cases of the following Debtors are hereby dismissed (the "Dismissed Debtors" or the "Dismissed Cases", as applicable) effective as of the entry of this Order:

| Case No. | Dismissed Debtor |
| --- | --- |
| 22-21943 | Claim Jumper Restaurant (Phoenix), LLC |
| 22-21944 | Claim Jumper Restaurant (Sacramento), LLC |
| 22-21945 | Claim Jumper Restaurant (Tualatin), LLC |
| 22-21946 | C Jumper Restaurant, Inc. |
| 22-21947 | KRG JCS Redondo Beach, LLC |
| 22-21948 | KRG JCS, LLC |
| 22-21950 | KRG BHTT, LLC |

3. The chapter 11 case of Claim Jumper Acquisition Company, LLC (the "Remaining Case" or the "Remaining Debtor", as applicable) shall remain open and shall be administered under the following amended caption:

| | |
|---|---|
| In re | Chapter 11 |
| CLAIM JUMPER ACQUISITION COMPANY, LLC | Case No. 22-21941-GLT |
| Debtor.[1] | Doc. No.: |

---

[1]   The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Claim Jumper Acquisition Company, LLC (0150). The Debtor's mailing address is 1000 Jacks Run Rd., North Versailles, PA 15137.

4. Entry of this Order is without prejudice to (a) the rights of the Debtors or any party in interest to seek to reopen the chapter 11 cases closed hereby and (b) the rights of the Debtors to dispute, in any appropriate forum, all claims that were filed against the Debtors in the chapter 11 cases.

5. The Court shall retain jurisdiction over the allowance and payment of the fees and expenses for services rendered by Professionals in respect of the Dismissed Debtors or the Dismissed Cases, and entry of this Order shall not affect such jurisdiction.

6. To the extent there are unpaid administrative expenses due or accrued under the Approved Budget[3] that are not Assumed Liabilities (as defined in that certain *Asset Purchase Agreement* by and between the Debtors and Restaurant Lending, LLC, dated December 3, 2022) and are attributable to the Dismissed Cases but that are not yet paid as of their dismissal, the allowance and payment of such administrative expenses shall be administered in the Remaining

---

[3]   As such term is defined in the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, and (IV) Granting Related Relief* [Doc. No. 272] (the "Interim DIP Order")

Case.

7.   The Expense Reserve Account, Carve-Out, Excluded Cash, and all remaining proceeds from the DIP Facility (as such terms are defined in the Interim DIP Order) will be held by the Remaining Debtor.

8.   The Clerk of this Court shall enter this Order individually on each of the dockets of the dismissed chapter 11 cases and each of the dockets of the chapter 11 cases of the Dismissed Debtors shall be marked as "Dismissed." The Clerk shall not close the Dismissed Cases prior to the filing of the December monthly operating reports in each respective case.

9.   An entry shall be made on the docket of each of the Debtors' cases, other than that of the Remaining Case, that is substantially similar to the following:

> An order has been entered in accordance with section 1112(b) of title 11 of the United State Code dismissing the chapter 11 cases of: Claim Jumper Restaurant (Sacramento), LLC (Case No. 22-21944-GLT); Claim Jumper Restaurant (Phoenix), LLC (Case No. 22-21943-GLT); Claim Jumper Restaurant (Tualatin), LLC (Case No. 22-21945-GLT); ; C Jumper Restaurant, Inc. (Case No. 22-21946-GLT); KRG JCS, LLC (Case No. 22-21948-GLT); and KRG BHTT, LLC (Case No. 22-21950-GLT). All further pleadings and other papers, other than monthly operating reports, shall be filed in and all further docket entries shall be made in the chapter 11 case of Claim Jumper Acquisition Company, LLC (Case No. 22-21941-GLT).

10.   All Professionals shall file in the Remaining Case final fee applications for Professional Fees twenty-one (21) days after service of the notice of the Final Fee Hearing. Any objections to the Final Fee Applications shall be filed and served on counsel for the Remaining Debtor and the Professional submitting the application to which an objection is being filed, within twenty-one (21) days after the filing and service of the subject Final Fee Application. The notice of the Final Fee Hearing will include the date provided by the Court for the hearing, if necessary, on any disputes related to Final Fee Applications. The notice of the Final Fee Hearing shall be filed on the docket of the Remaining Case and served on all Professionals and the U.S. Trustee and no further notice shall be required.

11. The Remaining Debtor (i) is authorized to pay allowed Professional Fee Claims, (ii) authorized to pay any other remaining, allowed administrative expenses under the Approved Budget (excluding Assumed Liabilities), and (iii) shall file all monthly operating reports and pay all U.S. Trustee fees in full; *provided*, *however*, that any unused cash remaining after payment of the foregoing fees and expenses shall be remitted to Restaurant Lending, LLC.

12. The final monthly operating reports for the Dismissed Debtors for the month of December 2022, shall be filed in the Dismissed Cases and signed by an authorized representative of those entities. The Court shall retain jurisdiction over matters arising from the monthly operating reports. U.S. Trustee quarterly fees shall not be affected on account of the foregoing.

13. As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees, payment of allowed Professional Fees, and payment of any other allowed administrative expenses under the Approved Budget (excluding Assumed Liabilities), the Remaining Debtor shall file a certification (the "Certification") of counsel requesting (i) entry of the Dismissal Order, attached hereto as **Exhibit 1**, with respect to the Remaining Case, and (ii) closure of the Dismissed Cases. Among other things, the Certification must report that (a) all U.S. Trustee fees have been paid in full and all monthly operating reports have been filed; (b) the Professional Fees incurred in the chapter 11 cases have been approved and paid in full; and (c) all other allowed administrative expenses set forth in the Approved Budget (excluding Assumed Liabilities), have been paid in full.

14. The Certification shall be served only on the U.S. Trustee, counsel to the DIP Lender, and the Committee, and no further notice regarding the dismissal of the Remaining Case shall be required. The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

15. Objections to the Certification, if any, are due within three (3) days after service of the Certification (the "Certification Objection Deadline"). If no objections are filed by the Certification Objection Deadline, the Remaining Debtor may file with the Court a certificate of no objection requesting entry of the Dismissal Order and the Court may enter the Dismissal Order without further notice or hearing. If any party objects to the Certification by the Certification Objection Deadline, the objection shall be heard at the Court's next available hearing unless adjourned upon agreement by the Remaining Debtor and objecting party.

16. Notwithstanding any provision of this Order to the contrary, the obligation of the Remaining Debtor and Dismissed Debtors to file monthly operating reports and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed in accordance with the provisions of this Order.

17. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the chapter 11 cases, including, without limitation, the Sale Order, the Interim DIP Order, and any *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, and (IV) Granting Related Relief* that may be entered in this case, shall remain in full force and effect, shall be unaffected by the dismissal of the chapter 11 cases of the Dismissed Debtors, and are specifically preserved for purposes of finality of judgment and res judicata unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

18. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

19. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Prepared by: Daniel Schimizzi, Esq.

Dated: December 23, 2022

_____
GREGORY TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

PAGE INTENTIONALLY LEFT BLANK

## **EXHIBIT 1**

**Dismissal Order**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-21941-GLT<br><br>Doc. No.: |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*<br><br>Movant,<br><br>v.<br><br>No Respondents. | Related to Doc. No.:<br><br>Hearing Date:<br><br>Hearing Time:<br><br>Response Deadline: |

**ORDER OF DISMISSAL**

Upon the *Debtors' Motion for Entry of Orders (I) Establishing Procedures With Respect to Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Professional Fee Claims; (III) Dismissing the Debtors' Chapter 11 Cases; and (VI) Granting Related Relief* (the "Motion")[2] that certain Initial Order granting the Motion, entered on _____, 2023 (D.I.   ) (the "Initial Dismissal Order"), and the *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases*, filed on _____, 2023 (D.I.   ),

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Claim Jumper Acquisition Company, LLC (0150). The Debtor's mailing address is 1000 Jacks Run Rd., North Versailles, PA 15137.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to section 1112(b) of the Bankruptcy Code, the chapter 11 case of the above-captioned Debtor is dismissed effective as of the entry of this Order.

4. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of this chapter 11 case, including, without limitation, the Sale Order, the Interim DIP Order, and the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, and (IV) Granting Related Relief* [Doc. No. ___], shall remain in full force and effect, shall be unaffected by the dismissal of this chapter 11 case, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

5. Each of the Professional's retentions is terminated, effective immediately, without the need for further action on the part of this Court, the Debtor, or such firms. The retention of the Debtor's claims agent is likewise terminated, effective immediately, without the need for further action on the part of this Court or the Debtor. Within twenty-one (21) days of the entry of this Order, the Debtor's claims agent shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against the Debtor and the Dismissed Debtors (as such term is defined in the Initial Dismissal Order), and (d) box and transport all original

claims to the Federal Archives, indicating the accession and location numbers of the archived claims.

6. The Debtor is hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

7. To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

8. Notwithstanding the dismissal of this chapter 11 case, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in this chapter 11 case.

Prepared by: */s/ Daniel R. Schimizzi*
Proposed Local Counsel for Debtors and
Debtors in Possession

BY THE COURT:

Dated: _____, 2022
       Pittsburgh, PA

_____
Gregory L. Taddonio, Chief Judge
United States Bankruptcy Court

EXEMPLAR